UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CHARLES HEATH,

                Plaintiff,

v.

S.J P&D INC. and LORENA KHAN,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

<u>ECF CASE</u>

Index. No.:

COMPLAINT

<u>JURY TRIAL DEMANDED</u>

## NATURE OF THE ACTION

1.    Plaintiff Charles Heath asserts Defendants violated the Fair Labor Standards Act by (i) failing to pay the minimum wage and (ii) failing to pay overtime premium pay.

2.    Plaintiff Heath asserts Defendants violated the New York Labor Law by (i) failing to pay minimum wages, (ii) failing to pay overtime premium pay, (iii) failing to provide the required Labor Law notice under N.Y. Lab. Law § 195.1, (iv) failing to provide accurate pay stubs under N.Y. Lab. Law § 195.3, and (v) failing to reimburse for business-related expenses.

3.    Plaintiff Heath asserts Defendants discriminated against him because of his religion, violating the New York State Human Rights Law and the New York City Human Rights Law.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this matter under 28 U.S.C. §§ 1331 and 1337, 1343, and supplemental jurisdiction over Plaintiff Heath's state law claims under 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff Heath's FLSA claims under 29 U.S.C. § 216(b).

5. Venue is proper in this District under 28 U.S.C. §1391(b).

6. This Court is empowered to issue a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

7. Plaintiff Heath was and is, at all relevant times, an adult individual, residing in Queens, New York.

8. Upon information and belief, Defendant S.J P&D Inc. is a domestic corporation, organized and existing under the laws of the State of New York, which is licensed to do business in the State of New York.

9. Upon information and belief, Defendant S.J P&D is an enterprise engaged in commerce or in the production of goods for commerce. Defendant S.J P&D is engaged in commerce or in the production of goods for commerce, because, *inter alia*, it has employees that handle goods and materials that have been produced for and moved in commerce, and, upon information and belief, its annual gross volume of business is at least $500,000.00. These goods and materials that have been produced for and moved in commerce, which its employees have handled, include, but are not limited to, computers and vehicles.

10. Upon information and belief, Defendant Lorena Khan owns, operates and/or controls the day-to-day operations and management of Defendant S.J P&D and employed Plaintiff Heath at all relevant times.

11. Defendant Khan was and is, at all relevant times, an adult individual, residing in Queens, New York.

12. According to the New York Department of State Division of Corporations, Lorena Khan's address is 48-36 90th Street, Elmhurst, NY 11373.

13. As S.J. P&D's primary agent, Defendant Khan is authorized to hire and fire employees, change employees' pay and employees' schedules, and is required by law to keep records regarding employees' hours worked and compensation.

14. Defendant Khan directly hired and fired Plaintiff Heath, controlled Plaintiff Heath's work schedule and conditions of employment, determined the rate and method of his compensation, and kept at least some records regarding his employment.

## STATEMENT OF FACTS

15. At all relevant times, upon information and belief, Defendants provide chauffeur driver services to and from MRI appointments throughout southeastern New York.

16. Defendants employed Plaintiff Heath as a driver from 2020 to July 2024.

17. As a driver, Plaintiff Heath was responsible for transporting clients to MRI appointments, waiting for the client to finish their appointment, and driving clients back home.

18. Throughout the time Defendants employed Plaintiff Heath and, upon information and belief, both before that time and continuing until today, Defendants have

likewise employed other individuals like Plaintiff Heath in positions that required little skill and no capital investment, and their duties and responsibilities did not include any managerial responsibilities or the exercise of independent judgment.

19. The vehicle that Plaintiff Heath drove weighed less than 10,000 pounds.

20. Defendants' employees, including Plaintiff Heath, cannot be hailed by the general public, and require knowledge of the passengers and destinations before providing services.

21. At all relevant times, Defendants' employees, including Plaintiff Heath, drove passengers to and from fixed terminal destinations according to prearranged schedules set by Defendant Khan.

22. Upon information and belief, Defendants maintain a list of regular customers and these regular customers are permitted to place standing orders for services.

23. Defendants provide some of their services under contracts for recurrent transportation and, upon information and belief, contracted with MRI centers that pay the passengers' fare.

24. At all relevant times, upon information and belief, Defendants employed between three and four separate drivers at a time.

25. A heavy turnover rate exists for the drivers, with many individuals voluntarily terminating their employment with Defendants or Defendants terminating their employment.

26. Throughout the time Defendants employed Plaintiff Heath, Plaintiff Heath typically worked at least six days a week, from approximately 7:00 a.m. until

approximately 7:00 p.m. or later. As such, Plaintiff Heath worked approximately 72 hours per week during this time.

27. Defendants paid Plaintiff Heath a flat, daily rate for each day worked during their regular weekly schedule.

28. Defendants paid Plaintiff Heath a daily rate regardless of the hours he worked.

29. When first hired, Defendants paid Plaintiff Heath $130.00 per day. At the end of his employment, Plaintiff Heath's daily rate was $145.00 per day, having received a $15.00 raise in his daily rate during his employment.

30. Plaintiff Heath paid for the gas that was necessary to drive their customers, which amounted to approximately $25.00 per day.

31. Defendants did not reimburse Plaintiff Heath for any of the gas that he purchased per day, further reducing his effective hourly rate below the Labor Law's minimum wage.

32. Plaintiff Heath did not receive tips from their passengers.

33. As such, Plaintiff Heath's effective hourly rate ranged from $8.75 to $10.00 per hour while employed by Defendants.

34. Plaintiff Heath's effective hourly rate was further reduced by deducting the money he spent on gasoline.

35. Due to the nature of his employment with Defendants, Plaintiff Heath continued to incur on-the-job economic hardships to his personal property that outpaced his wages. For example, Plaintiff Heath was involved in two on-the-job car accidents during his employment with Defendants. After the first car accident, Plaintiff Heath totaled

his 2011 Hyundai Sonata and replaced it with a 2017 Nissan Altima. After the second car accident, Plaintiff Heath totaled his 2017 Nissan Altima, and replaced it with a 2017 Honda CRV.

36. As such, Plaintiff Heath contributed three cars in his possession to his employment with Defendants during that time. Of those three cars that contributed to Defendants' business, Plaintiff Heath totaled two while working for Defendants and was required to purchase another two to maintain his employment with Defendants.

37. During his employment with Defendants, Plaintiff Heath worked in excess of 40 hours per workweek almost every week.

38. Defendant Khan frequently assigned additional passengers to Plaintiff Heath's schedule under short notice. Driving additional passengers under short notice required Plaintiff Heath to work later hours than his preassigned daily schedule initially indicated. Consequently, these unanticipated assignments required Plaintiff Heath to work late into the evening, and he could often not return to his Queens residence until 11:00 p.m. at night. Defendant Khan did not provide any reasons for assigning Plaintiff Heath additional passengers, nor did the increase in shifts result in an increase in Plaintiff Heath's pay.

39. Occasionally, Plaintiff Heath told Defendant Khan that he was not available to work on certain Sundays due to his religious commitment to attending church. On weeks where Plaintiff Heath attended church on Sunday, Defendant Khan did not assign Plaintiff Heath to another shift until the following Tuesday or Wednesday.

40. On July 18, 2024, Defendant Khan terminated Plaintiff Heath's employment. Upon information and belief, Defendant Khan terminated Plaintiff Heath's

employment because Plaintiff Heath denied Defendant Khan's request to pick up a passenger in Smithtown, New York, at the end of Plaintiff Heath's scheduled shift.

41. Defendants did not pay Plaintiff Heath overtime premium pay of 1.5 his hourly rate for any hour that he worked above 40 in a week.

42. When Defendants paid Plaintiff Heath, they did not give him a written statement specifying the number of hours covered by that wage statement.

43. At the time of hire, Plaintiff Heath did not receive from Defendants a Notice and Acknowledgement of Pay Rate and Payday under Section 195.1 of the NYLL.

44. During Plaintiff Heath's employment with Defendants, Defendants failed to post or keep posted a notice explaining minimum and/or overtime pay rights under the FLSA and NYLL in any area where Plaintiff Heath was employed.

45. During Plaintiff Heath's employment with Defendants, upon information and belief, Defendants failed to maintain accurate and sufficient time records.

<u>FIRST CAUSE OF ACTION</u>
FAIR LABOR STANDARDS ACT – UNPAID OVERTIME

46. Plaintiff Heath repeats and realleges each allegation of the preceding paragraphs as if fully set forth herein.

47. At all relevant times, Defendants have been and continue to be "employers" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

48. At all relevant times, Defendants employed Plaintiff Heath within the meaning of the FLSA.

49. As an employer within the meaning of the FLSA, Defendant Khan is personally liable for the statutory violations.

50. Upon information and belief, at all relevant times, Defendant S.J. P&D had gross revenues in excess of $500,000.00.

51. Plaintiff Heath consents to be a party to this action under 29 U.S.C. §216(b).

52. Defendants were required to pay Plaintiff Heath no less than 1.5 times the regular rate at which he was employed for all hours worked in excess of 40 hours in a workweek under the overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

53. At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation to their employees for their hours worked more than 40 hours per workweek.

54. Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff Heath overtime wages.

55. As a result of Defendants' failure to record, report, credit, and/or compensate Plaintiff Heath, Defendants' failed to make, keep and preserve records with respect to each of their employees sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

56. As a result of the Defendants' failure to record, report, credit and/or compensate their employees, including Plaintiff Heath, Defendants' have failed to make, keep and preserve records sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

57. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies under 29 U.S.C. § 255.

58. As a result of Defendants' violations of the FLSA, Plaintiff Heath suffered damages by being denied overtime wages in accordance with the FLSA in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation under 29 U.S.C. § 216(b).

SECOND CAUSE OF ACTION
NEW YORK LABOR LAW – UNPAID OVERTIME

59. Plaintiff Heath repeats and realleges each allegation of the preceding paragraphs as if fully set forth herein.

60. Defendants are "employers" within the meaning of NYLL §§ 190, 196-d, 651(5), 652 and supporting New York Statement Department of Labor Regulations and employed Plaintiff.

61. As an employer within the meaning of the NYLL, Defendant Khan is personally liable for all statutory violations.

62. Under the NYLL and supporting New York Statement Department of Labor Regulations, Defendants were required to pay Plaintiff Heath 1.5 times his regular rate of pay for all hours they worked in excess of 40.

63. Defendants failed to pay Plaintiff Heath the overtime wages to which he was entitled under the NYLL.

64. Defendants willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff Heath the correct amount of overtime wages.

65. Due to Defendants' violations of the NYLL, Plaintiff Heath is entitled to recover from Defendants his unpaid wages, liquidated damages, reasonable attorneys' fees, costs, and pre and post-judgment interest.

## THIRD CAUSE OF ACTION
### FAIR LABOR STANDARDS ACT – UNPAID MINIMUM WAGE

66. Plaintiff Heath repeats and realleges each allegation of the preceding paragraphs as if fully set forth herein.

67. Defendants knowingly failed to pay Plaintiff Heath the minimum wage to which they were entitled under the FLSA, 29 U.S.C. § 206(a).

68. Defendants' unlawful conduct, as described in this Complaint, was willful and intentional. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to Plaintiff Heath's compensation.

69. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies under 29 U.S.C. § 255.

70. As a result of Defendants' violations of the FLSA, Plaintiff Heath suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation under 29 U.S.C. § 216(b), and such other legal and equitable relief as this Court deems just and proper.

## FOURTH CAUSE OF ACTION
### NEW YORK LABOR LAW – UNPAID MINIMUM WAGES

71. Plaintiff Heath repeats and realleges each allegation of the preceding paragraphs as if fully set forth herein.

72. Defendants did not pay Plaintiff Heath at the statutory minimum wage.

73. Defendants knowingly failed to pay Plaintiff Heath the minimum wage to which he was entitled under NYLL § 652.1.

74. Defendants were required to pay Plaintiff the minimum wage for all hours worked.

75. Defendants' unlawful conduct was willful and intentional. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful. Defendants have not made a good faith effort to comply with the NYLL with respect to Plaintiff Heath's compensation.

76. Due to Defendants' violations of the NYLL, Plaintiff Heath is entitled to recover from Defendants their unpaid wages, statutory liquidated damages, reasonable attorneys' fees, costs, pre and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## FIFTH CAUSE OF ACTION
## FAILURE TO PROVIDE 195.1 NOTICE
## UNDER THE NEW YORK LABOR LAW

77. Plaintiff Heath repeats and realleges each allegation of the preceding paragraphs as if fully set forth herein.

78. Defendants willfully failed to supply Plaintiff Heath with the required Notice and Acknowledgement of Pay Rate and Payday under Section 195.1 of the NYLL, violating NYLL § 195.

79. Due to Defendants' violations of N.Y. Lab. Law § 195.1, Plaintiff Heath is entitled to recover from Defendants $50.00 for each workday that the violations occurred,

or a total of $5,000.00, reasonable attorneys' fees, costs, injunctive and declaratory relief. N.Y. Lab. Law § 198(1)-b (2016)

## SIXTH CAUSE OF ACTION
## FAILURE TO PROVIDE 195.3 WAGE STATEMENT
## UNDER THE NEW YORK LABOR LAW

80. Plaintiff Heath realleges every preceding allegation as if set forth fully herein.

81. Defendants have willfully failed to supply Plaintiff Heath with the required accurate wage statements with every payment of wages, violating Labor Law § 195.3.

82. Due to Defendants' violations of Labor Law § 195.3, Plaintiff Heath is entitled to recover from Defendants $100.00 for each work week that the violations occurred, or a total of $5,000.00, as provided for by Labor Law § 198(1)-d, reasonable attorneys' fees, costs, injunctive and declaratory relief.

## SEVENTH CAUSE OF ACTION
## UNLAWFUL DEDUCTIONS
## UNDER THE NEW YORK LABOR LAW

83. Plaintiff Heath realleges every preceding allegation as if set forth fully herein.

84. The NYLL and applicable regulations, including 12 N.Y.C.R.R. § 146-2.7(c), protect employees from incurring expenses in the course of their employment that result in the employee's rate of pay falling below the applicable minimum wage rate.

85. Plaintiff Heath incurred expenses including gas, mileage, tolls and vehicle maintenance in the use of his personal vehicles in the course of his employment. These expenses brought Plaintiff Heath's wages further below the applicable New York minimum wage rate.

86. Defendants failed to reimburse Plaintiff Heath for these expenses.

87. As a result of Defendants' failure to reimburse Plaintiff Heath for all business expenses that they required Plaintiff Heath to incur, Defendants violated, *inter alia*, 12 N.Y.C.R.R. § 146-2.7(c). Plaintiff Heath has suffered damages as a result.

EIGHTH CAUSE OF ACTION
RELIGIOUS DISCRIMINATION
UNDER THE NEW YORK STATE HUMAN RIGHTS LAW

88. Plaintiff Heath repeats each allegation of the preceding paragraphs as if set forth in this cause of action.

89. At all relevant times, Plaintiff Heath was an "employee" and a "person" within the meaning of the NYSHRL and Defendants were "employers."

90. Plaintiff Heath is a Christian, a religion protected under the NYSHRL.

91. Defendants were aware of Plaintiff Heath's religion.

92. Defendants' choice to withhold shift assignments from Plaintiff Heath in response to Plaintiff Heath's decision to spend the occasional Sunday at church instead of driving passengers for Defendants constitutes religious discrimination.

93. As a result of Defendants' conduct, Plaintiff Heath has suffered and continues to suffer, *inter alia*, loss of wages, emotional distress, mental anguish, emotional pain, physical pain and suffering, inconvenience, loss of enjoyment of life and medical expenses.

NINTH CAUSE OF ACTION
RELIGIOUS DISCRIMINATION
UNDER THE NEW YORK CITY HUMAN RIGHTS LAW

83. Plaintiff Heath repeats every allegation of the preceding paragraphs as if set forth in this cause of action.

84. At all relevant times, Plaintiff Heath was an "employee" and a "person" within the meaning of the NYCHRL and Defendants were "employers."

85. Plaintiff Heath is a Christian, a religion protected under the NYCHRL.

86. Defendants were aware of Plaintiff Heath's religion.

87. Defendants' choice to withhold shift assignments from Plaintiff Heath in response to Plaintiff Heath's decision to spend the occasional Sunday at church instead of driving passengers for Defendants constitutes religious discrimination.

88. As a result of Defendants' conduct, Plaintiff Heath has suffered and continues to suffer, *inter alia*, loss of wages, emotional distress, mental anguish, emotional pain, physical pain and suffering, inconvenience, loss of enjoyment of life and medical expenses.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Heath respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid overtime compensation and minimum wage under the FLSA and NYLL;

d. An award for failing to provide the required wage notice and pay stubs under the NYLL;

e. An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay overtime compensation and the statutory minimum wage under the FLSA and NYLL;

f. Equitably tolling the statute of limitations under the FLSA;

g. An award of punitive damages under the NYSHRL and NYCHRL;

h. Punitive, liquidated and compensatory damages including, but not limited to, damages for pain and suffering, anxiety, humiliation, loss of enjoyment of life, physical injury and emotional distress, in order to compensate her for the injuries he has suffered and to signal to other employers that discrimination, harassment and retaliation are repulsive to legislative enactments in the amount of at least $500,000.00;

i. An award of prejudgment and post-judgment interest;

j. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

k. Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff Heath demands a trial by jury on all questions of fact the Complaint raises.

Dated: New York, New York
October 3, 2024

        LIPSKY LOWE LLP

        _____
        Douglas Lipsky (DL-9372)
        420 Lexington Avenue, Suite 1830
        New York, New York 10170
        Phone: 212.392.4772
        doug@lipskylowe.com

        *Attorney of Plaintiff Heath*

For Settlement Only